UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 0:18-CR-00008-DLB-EBA

UNITED STATES OF AMERICA,                                                                  PLAINTIFF,

V.          **MAGISTRATE JUDGE'S REPORT
                    AND RECOMMENDATION**

SHILO W. CANTRELL, et al.,                                                                   DEFENDANTS.

*** *** *** ***

## INTRODUCTION

This matter comes before the Court upon Defendant Mark S. Lockwood, Jr.'s Motion to Suppress, [R. 27], and Defendants Shilo W. Cantrell and Jessica N. Debarr's Motions for Joinder, [R. 30; R. 31]. Defendants allege that the affidavits to the search warrants fail to establish probable cause, and thus, seek to suppress the evidence obtained in the Lincoln Navigator and Rooms 201 and 202 of the Days Inn Motel. [R. 27]. In response, the Government has argued that the information contained within the "four corners" of the affidavits supports the judicial officer's probable cause determination, and therefore, the motion should be denied. [R. 32 at 4-5]. Furthermore, the Government contends that Defendants Cantrell and Debarr's Motions for Joinder should be denied on the basis that they lack standing to assert any Fourth Amendment challenges. [*Id*.].

For the reasons below, the undersigned **RECOMMENDS** that Defendant Lockwood's Motion to Suppress be **DENIED** [R. 27], and that Defendants Cantrell and Debarr's Motions for Joinder, [R. 30; R. 31], be **DENIED**.

## BACKGROUND

On March 16, 2018, two search warrants were executed. [R. 32-2; R. 32-3]. The first search warrant obtained and executed by the officer was for a black, 2002 Lincoln Navigator, which was registered to Defendant Lockwood ("Lockwood"). [R. 32-2]. The second search warrant obtained were for Rooms 201 and 202 of the Days Inn Motel, which had been reserved under Lockwood's name. [R. 32-3].

The inventory of the 2002 Lincoln Navigator revealed a fully loaded 9mm Taurus Pistol and box, approximately 415 grams of methamphetamine, 7 grams of fentanyl, and drug paraphernalia, including: multiple baggies in plain view, glass pipes "commonly used for smoking meth and crack," two digital scales, five cellphones, and a laptop. [R. 32 at 3 ¶ 2; R. 32-1 at 10 ¶ 3]. The search of Room 201 of the Days Inn revealed three syringes and a small quantity of methamphetamine. [R. 32 at 3 ¶ 3; R. 32-1 at 10 ¶ 5]. No evidence was found in Room 202. [*Id.*].

Lockwood now wishes to suppress all items seized from both searches and requests a hearing to be set on this matter. [R. 27]. Defendants Cantrell and Debarr have moved for joinder on this issue. [R. 30; R. 31].

## STANDARD OF REVIEW

The Fourth Amendment provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable* searches and seizures, shall not be violated, and no Warrants shall issue, but upon *probable cause*, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV (emphasis added).

Most importantly, the text of the Fourth Amendment makes clear that "the ultimate touchstone… is 'reasonableness.' " *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). To satisfy

the warrant requirement, a detached, neutral magistrate judge must find that there is probable cause that evidence of a crime will be found. *United States v. Leon*, 468 U.S. 897, 913-15 (1984). The "warrant must be supported by 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.' " *United States v. Hython,* 443 F.3d 480, 485 (6th Cir. 2006) (quoting *Sgro v. United States*, 187 U.S. 206, 210 (1932). "[G]reat deference" is given to a magistrate's determination that probable cause exists. *Id.* at 914; *see also United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991).

"Probable cause 'is not a high bar.' " *District of Columbia v. Wesby*, 138 S.Ct. 577, 586 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). Probable cause requires that there be a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Williams*, 544 F.3d 683, 686 (6th Cir. 2008); *see also United States v. Laughton*, 409 F.3d 744, 747 (6th Cir. 2005). In other words, the probable cause a search warrant requires " 'is concerned with facts relating to a presently existing condition.' " *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir.1998) (quoting W. LaFave, Search and Seizure § 3.7 at 338 (3d ed.1996)).

There is a "presumption of validity with respect to the affidavit supporting the search warrant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). In making the probable cause determination, the magistrate makes a "practical, common-sense decision ... given all the circumstances set forth in the affidavit." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). This determination should be reversed only if the magistrate arbitrarily exercised his discretion. *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004) (citing *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001)).

## ANALYSIS

I. **Whether the Search Warrants of the Lincoln Navigator and Rooms 201 and 202 of the Days Inn were Properly Granted**

In support of Lockwood's Motion to Suppress, Lockwood argues that the affidavits used to support the warrants for the Lincoln Navigator and for the two rooms of the Days Inn Motel were inadequate because the affidavits failed to establish probable cause. Accordingly, this section will address both searches individually.

   A. **The Lincoln Navigator**

On March 16, 2018, the Morehead Police Department received a 911 call from Days Inn Motel, advising that there had been an altercation between a male and a female. [R. 32-1 at 9 ¶ 2]. The male allegedly pointed a gun at the female before leaving the area. [*Id*.]. While in route to the Days Inn, Officer Joshua Ison observed a Black Lincoln Navigator pass him. [*Id*.]. The vehicle model and its respective Ohio tags matched the caller's description. [*Id*.]. Subsequently, the officer made a U-turn in an attempt to pull over the Navigator. [*Id*.]. In response, the driver, Lockwood, "immediately accelerated and made a reckless turn into a parking lot." [*Id.*]. Lockwood does not dispute his reckless driving. [R. 27 at 8 ¶ 2; *Id*. at 9 ¶ 1, *Id.* at 12 ¶ 2].

In making the turn, Officer Ison noticed the vehicle's back-driver side door open, and what appeared to be a foot hanging out the door. [R. 32-1 at 9 ¶ 2]. Anticipating a foot chase, the officer radioed dispatch. [*Id.*]. Eventually, after the car had continued a bit further, the car came to a dead end and a backseat passenger began to flee on foot. [*Id.*]. Having received notice from the 911 caller that the male subject had a firearm, the officer drew his pistol and ordered the individual to get on the ground and to show him his hands. [*Id.*]. This individual jumped back into the backseat of the vehicle. [*Id.*]. Once the other officers arrived at the scene, Defendants

Lockwood, Cantrell, and Debarr were ordered out of the car, and they agreed to comply with the officers' orders. [*Id*.] Cantrell and Debarr seemed to be very impaired and under the influence of drugs; they were ultimately charged with Public Intoxication. [*Id.* at ¶ 3]. Cantrell admitted that he had gotten into an altercation with a female "prostitute" and "drug whore" at the Days Inn, but denied a firearm being involved. [*Id.*]. Lockwood denied consent to a search of the vehicle for the firearm. However, in plain view, inside the vehicle, the officers were able to identify a pistol box and multiple small baggies filled with crystal substances. [*Id*. at 10 ¶ 3]. Accordingly, Officer Ison sought to obtain a search warrant. The affidavit in support of the search warrant describes the following evidence:

> After receiving a complaint involving a firearm and some sort of altercation at Days Inn, I pulled over a Black 2002 Lincoln Navigator near Root-A-Bakers that was reported to be involved. The back seat passenger bailed out of the vehicle then re-entered once he had no escape route. After getting the operator (Mark Lockwood Jr) and both passengers out of the vehicle I found Mr. Lockwood to be in possession of $640 cash and some sort of crystal like substance. In the backseat of the vehicle, in plain view was multiple small baggies that through my training and experience I know to be associated with trafficking.
>
> Acting on the information received, Affiant conducted the following independent investigation: Affiant impounded the vehicle, One of the Passengers Schilo Cantrell advised that he was a convicted felon out of Florida. Affiant believes that there is additional evidence of narcotics trafficking as well as a firearm in the vehicle.

Lockwood alleges that this affidavit is both "vague and sparse," and that it is insufficient to establish a "nexus of criminality" warranting a probable cause determination. These arguments are without merit. This affidavit sufficiently meets Constitutional requirements. The Fourth Amendment requires that a search warrant "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This was done. The affiant in the search warrant affidavit must state their belief as to why the evidence will likely be found in that place. *United States v. Hython,* 443 F.3d 480, 485 (6th Cir. 2006). Likewise, this was also done.

To justify a search, the affidavit must "set forth sufficient facts that incriminating evidence would be found there, rather than in some other place," thereby providing a substantial basis that probable cause existed for the search. *United States v. Carpenter*, 360 F. 3d 591, 594 (6th Cir. 2004). In other words, there must be a "nexus between the place to be searched and the evidence sought." *Id*. (quoting *United States v. Van Shutters*, 163 F.3d 331, 336–37 (6th Cir. 1998)). "[R]ather than engaging in line-by-line scrutiny," the reviewing court should examine "whether the totality of the circumstances supports a finding of probable cause." *United States v. Woosley*, 361 F.3d at 926. "The affidavit should be reviewed in a commonsense — rather than a hypertechnical — manner." *Id.* The court may look only to the "four corners" of the affidavit when deciding whether probable cause existed. *United States v. Aboud*, 438 F.3d 554, 571 (6th Cir. 2006); *see also United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005).

When making a probable cause determination, a court may consider a host of relevant factors. For example, where police have probable cause to believe that a traffic violation has occurred, the officer's decision to stop the automobile is reasonable. *Whren v. United States,* 517 U.S. 806, 810 (1996). Likewise, "flight" from a law enforcement officer is another factor that a court may consider; however, this factor alone does not establish probable cause. *See United States v. Pope*, 561 F.2d 663, 669 (6th Cir. 1977) (finding the officer to have reasonable grounds to believe that the suspect had been engaged in criminal activity, given his flight in the face of a clear showing of lawful authority). Additionally, there is no expectation of privacy when it comes to items in vehicles that are in plain view. In effect, " '[t]he seizure of property in plain view involves *no invasion* of privacy and is presumptively *reasonable*, assuming that there is probable cause to associate the property with criminal activity.' " *Texas v. Brown*, 460

U.S. 730, 741-42 (1983) (quoting *Payton v. New York,* 445 U.S. 573, 587 (1980) (emphasis added)).

Lockwood's assertion that the affidavit fails to establish criminality on his part is immaterial. Probable cause is a flexible standard, requiring a " 'practical, nontechnical' probability that incriminating evidence is involved." *Id.* at 742 (quoting *Brinegar v. United States,* 338 U.S. 160, 176 (1949)). Therefore, this Court believes the appropriate inquiry is whether the information in Officer Ison's affidavit establishes a substantial basis for a finding of probable cause that the officers would find narcotics trafficking and/or a firearm in the vehicle. Here, the following information has been presented: a reckless driver, whose vehicle matches the description of the 911 caller from the Days Inn Motel; a fleeing Cantrell, who refused to abide by police orders and ultimately admitted that he was a convicted felon from Florida; and drug paraphernalia in plain view. Consequently, under the applicable standard of review and based on the totality of circumstances— in viewing the facts leading up to the initial encounter with Officer Ison and the information contained within the "four corners" of the affidavit— this Court believes there is a substantial basis to affirm a probable cause determination.

Therefore, there is no basis for which to suppress any of the evidence found in the 2002 Lincoln Navigator, and thus, there is no reason for which this Court should hold a hearing on this matter.

**B.     Rooms 201 and 202 of the Days Inn Motel**

The subsequent revelations from the search of Lockwood's vehicle (i.e., the very large amounts of suspected illegal drugs, a loaded handgun, and multiple items associated with trafficking) prompted Officer Ison to obtain and execute search warrants for Rooms 201 and 202 of the Days Inn Motel, which had been reserved under Lockwood's name. [R. 32-1 at 10 ¶ 4]. In

an effort to find the missing female, allegedly involved in the altercation, officers in the Morehead Police Department conducted a welfare check on the rooms. [*Id.*]. Upon locating paraphernalia in plain view, the rooms were secured with evidence tape. [*Id.*]. After procuring the warrants, Officer Ison conducted a search on the two rooms associated with Lockwood. [*Id.* ¶ 5]. Three syringes and a baggy containing a crystal substance were seized from Room 201, but no evidence was found nor obtained from Room 202. [*Id.*].

In furtherance of his Motion to Suppress these items, Lockwood argues: 1) the affidavit in support of the Days Inn search warrant was too far removed from the reckless driving and the items found at the traffic stop, which were ultimately subject to seizure; and 2) that the affidavit failed to establish a "sufficient nexus" between Lockwood and drug trafficking, justifying a search of the motel rooms. [R. 27 at 12 ¶ 2]. Specifically, the affidavit that Lockwood attacks, states as follows:

> On this date myself and the Morehead Police Department responded to Days Inn in reference to a male subject pointing a firearm at an unknown female. After receiving the above complaint involving a firearm and some sort of altercation at Days Inn, I pulled over a Black 2002 Lincoln Navigator near Root-A-Bakers. This was the vehicle that was reportedly involved. The back seat passenger bailed out of the vehicle then re-entered once he had no escape route. After getting the operator (Mark Lockwood Jr) and both passengers out of the vehicle I found Mr. Lockwood to be in possession of $640 cash and some sort of crystal like substance. In the backseat of the vehicle, in plain view was multiple small baggies that through my training and experience I know to be associated with trafficking.
>
> Upon checking the area we could not locate the female so officers did a welfare check on the rooms 201 and 202 looking for a victim. While doing the welfare drugs it was apparent that some drug activity had taken place. These are the two rooms that belonged [to] Mr. Mark Lockwood who I arrested and charged with Possession of a Controlled Substance.
>
> Myself and other officers executed a search warrant on the vehicle. Inside the vehicle we found approx, 1 pound of suspected methamphetamine and a firearm.
>
> Acting on the information received, Affiant conducted the following independent investigation:

> Officers sealed the rooms and backed out of the area, Officers packaged the suspected controlled substances and placed [them] in evidence bags. Given the results of the search warrant and the initial call and the items that were in plain view affiant believes that there may be additional evidence of illegal narcotics in the above mentioned rooms.

Lockwood asserts that this affidavit is insufficient because it fails to offer any particularized facts that would warrant a search of the rooms. The undersigned fails to see how this affidavit falls short of offering a sufficient nexus between the items seized from the car and the need for a search of the hotel rooms. This affidavit is far from what Lockwood argues is "bare bones." [R. 27 at 7]. As a result, for similar reasons to those set forth for the 2002 Lincoln Navigator, the undersigned finds there is a substantial basis for a finding that the above affidavit, when viewed in the totality of the circumstances, supports a probable cause determination that contraband would be found in Rooms 201 and 202.

In sum, there is no basis for which to suppress any of the evidence found in the rooms of the Days Inn, and thus, no existing ground for which to conduct a hearing on this issue.

## II. Whether Defendants Cantrell and Debarr Lack Standing to Join in Lockwoods's Motion to Suppress

Arguing that they were nothing more than passengers at the time of the initial traffic stop and eventual search of the Lincoln Navigator, Defendants Cantrell and Debarr move to join in Lockwood's Motion to Suppress. [R. 30; R. 31]. In this case, however, Defendants, lack standing to raise any claims that their Fourth Amendment rights were violated. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U.S. 128, 134 (1978) (holding that passengers, who neither asserted a property nor a possessory interest in the automobile searched or the property seized, had no standing to challenge the search). Fourth Amendment rights may

not be asserted vicariously. *Id.* at 133-34. *See also Brown v. United States*, 411 U.S. 223, 230 (1973); *Simmons v. United States*, 390 U.S. 377, 389 (1968); *Wong Sun v. United States*, 371 U.S. 471, 492 (1963).

In both motions filed by Cantrell and Debarr, the defendants expressly disclaim any interest in the controlled substances, and thus, inherently concede to not having any possessory interest in the property seized. In regard to the search of the motel rooms, which had been reserved under Lockwood's name, the defendants have not presented any facts demonstrating that they had any legitimate expectation of privacy in these rooms. In fact, defendants have not indicated any direct association to the rooms. As such, this Court need not address these issues further.

## **CONCLUSION**

For the reasons outlined above, it is **RECOMMENDED** that Lockwood's Motion to Suppress, [R. 27], be **DENIED** in its entirety, and that Defendants Cantrell and Debarr's Motion for Joinder, [R. 30; R. 31], be **DENIED**.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed.R.Crim.P. 59(b)(1).

This the 9th day of October, 2018.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge