UNITED STATES DISTRICT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DISTRICT
ASHLAND

ELECTRONICALLY FILED

CRIMINAL ACTION NO. 18-CR-08-S-DLB-2

UNITED STATES OF AMERICA                                    PLAINTIFF

VS                OBJECTIONS TO PRESENTENCE
                     INVESTIGATION REPORT

MARK S. LOCKWOOD, JR.                                       DEFENDANT

                    **   **   **   **   **   **

OBJECTIONS TO THE FINDING THAT THE DEFENDANT IS A CAREER OFFENDER

Although this is no excuse, when the Defendant, his counsel and the government entered into a plea neither party foresaw that the Defendant would be found to be a career offender based on the bond report that was available to us.

After the plea was entered and upon receipt of the Presentence Report the undersigned meet with his client and advised him that he could very well be a career offender. Whether that be the case is the subject of this objection.

Prior to <u>Johnson v. United States</u>, 576 U.S. _____(2015); <u>Taylor v. United States</u>, 495 U.S. 575, 600 (1990), use the categorical approach to determine whether or not an individual came under the Armed Career Criminal Act. The Categorical approach required the court to access whether or not a crime qualified as a "violent felony" in terms of how the law defines the offense and not in terms how an individual (such as Lockwood)

might have committed it on a particular occasion. Begay v. United States, 553 U.S. 137 at 141 (2008).

Since the categorical approach has been abandoned by the Guidelines in favor of "determining whether an offense is a crime of violence...,(i.e., the conduct of which the Defendant was convicted is the focus of inquiry)." See, USSG 4B 1.2, Commentary (2) at page 399 to 400, Guideline Manual (November 1, 2018).

The Defendant submits the focus of inquiry for the Court in determining on Paragraphs 37 and 38 of the Presentence Report whether or not the crimes set out are crimes of violence, is the conduct of which the Defendant was convicted. For example, in paragraph 38, which is Felonious Assault, causing serious harm, Counts 3,4 and 5, whereby the Defendant received a 3-year sentence of imprisonment, 3-years supervised. This involved the Defendant and other individuals in a neighborhood fight with other men of similar age, which in Kentucky we would call it a mutual affray. The Defendant was searched but he did not use a brick or any type of instrument and all this was, was a fist fight.

Under Ohio Law ORC 2903.11 felonious assault can be charged in cases where no one was physically injured, such as when a gun is fired at a person but the bullet missed. In this particular case applying the conduct of the Defendant we have a fight involving the usage of the word "harm." Harm has various and

distinct meanings such as an occurrence of a change for the worse, cause or do harm, the act of damaging something, or the act of hurt which could be emotions.

Therefore, the Defendant strongly objects as his conduct and his conduct alone should determine whether or not this is a crime of violence which the Defendant submits it is not.

As to paragraph 37, the Defendant strongly objects as set out in grounds in the previous paragraph as it relates to felonious assault causing serious harm. When you look at the conduct of the Defendant in assault with a deadly weapon, he received a 2-year sentence as they could not identify the firearm and shell casings and the grand jury only charged him with felonious assault as set out in the first paragraph on page 8 under the Adult Criminal Conviction, and then it became a felonious assault with a deadly weapon in which there was no identifiable victim.

In order to consist of assault there has to be an identifiable victim and it cannot be some imaginary ghost. Nor does it indicate the specific conduct of the Defendant, therefore it is imperative that the government would have to at least present more evidence, i.e., by preponderance of the evidence based on witnesses or case reports or the actual plea of the Defendant as to the conduct that he admitted to, i.e., did he admit to harm which the Defendant submits that there was no harm and he cannot submit to it because there was no victim.

The ordinary case inquiry is now history and we must focus on the conduct of the Defendant.

The Court is going to have to resolve what the term "harm" means because in <u>Johnson v. United States</u>, 559 U.S. 133, 140, the Supreme Court made clear that physical force means force capable of causing physical pain or injury.  As such, that term is very narrow whereas the term "harm" is broad as you could be in harm's way and still be charged with felonious assault.

The Defendant objects to the Presentence Report as it does not set forth based on the conduct approach which asks about the specific way in which Lockwood committed a crime which prerequisites are severely lacking as they are just mere generalizations.

Therefore there being no evidence of a specific way in which Lockwood committed the offense he should not be considered a career offender.

    CURTIS LEGAL SERVICES, PSC
    1212 Bath Avenue, Suite 620
    P.O. Box 1455
    Ashland, Kentucky 41105
    Telephone (606)324-5435
    Fax (606)324-5496
    curtislegal1@windstream.net

    /s/ Michael J. Curtis
    Michael J. Curtis

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send the Notice of Electronic Filing to:

Lauren Bradley, Asst. U.S. Attorney, London, Kentucky
Leanne M. Vonderhaar, U.S. Probation Officer

                                           /s/ Michael J. Curtis
                                           MICHAEL J. CURTIS